

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–844

| | | |
|---|---|---|
| RESHEILA CHAISSON | | **Opinion Delivered** June 18, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2001-378-A] |
| V. | | |
| STATE OF ARKANSAS | | |
| | | HONORABLE RALPH WILSON, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's revocation of her probation. Appellant's counsel has filed a no-merit brief and motion to withdraw pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4–3(k),[2] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal.[3] Appellant failed to file pro se points for reversal. We affirm the court's revocation of appellant's probation and grant counsel's motion to withdraw.

---

[1]386 U.S. 738 (1967).

[2](2013).

[3]A certified copy of counsel's motion and brief were mailed to appellant at her last known address, which was the same address listed in counsel's certificate of service on his motion to withdraw. The packet was returned to the clerk marked "Undeliverable as addressed forwarding order expired." Counsel had no additional contact information for appellant.

On June 22, 2001, appellant pled guilty to possession of marijuana with intent, a Class B felony. She was sentenced to 108 months' probation along with fines, court costs, and fees totaling $2,725.00, to be paid in installments of $50.00 per month. Appellant was permitted to transfer her probation to Texas. On June 16, 2010, the State filed a petition for revocation of probation, asserting that appellant (1) failed to pay fines, costs, and fees as directed; (2) failed to report to probation as directed; (3) failed to pay probation fees; (4) failed to notify the sheriff and her probation officer of her current address and employment; (5) possessed and used marijuana; (6) committed a criminal trespass; (7) departed from drug rehab without permission; and (8) refused to provide a urine sample. A hearing on the State's petition was held on June 10, 2013.

At the hearing, Amy Peyton, bookkeeper for the Crittenden County Sheriff's Department, testified that appellant had made twelve payments totaling $715.00 since beginning payments on July 19, 2001. She noted that appellant's last payment was on December 5, 2002. Peyton advised that appellant owed $470.00 in transportation fees from Houston, Texas.[4] She asserted that since appellant stopped making her payments, she had not informed the sheriff's department of why she stopped making payments, whether she was working, or where she was living.

Mary Marshall, appellant's supervising probation officer,[5] testified that in June 2010, Texas requested a warrant and to "close interest." Its request led to Jim Russell

---

[4]This fee was for appellant's extradition from Texas back to Arkansas.

[5]Marshall had only become appellant's probation officer the week of the hearing as her file "had been transferred to Texas, and Texas was supervising her."



completing the violation report asserting that appellant "wasn't doing right." Marshall asserted that Russell prepared the violation report based solely on information transmitted to him "by the Texas people," without any additional dealings with appellant. The violation report was completed in June 2010, "after [the Sheriff's Department] had gotten a lot of different correspondence from Texas on [appellant's] progress." Appellant's counsel objected to Marshall's testimony. The court sustained the objection, but stated that it would "allow the violation report information [as] that's just a report."[6] Finally, Marshall testified that appellant still owed $225.00 in probation fees.

Following Marshall's testimony, appellant moved for a directed verdict as to the State's allegations that appellant (1) failed to report to probation as directed, (2) failed to notify the sheriff and her probation officer of her current address and employment, (3) possessed and used marijuana, (4) committed a criminal trespass, (5) departed from drug rehab without permission, and (6) refused to provide a urine sample. Her basis for moving for a directed verdict on these allegations was that they were "all Texas allegations that were transmitted down there." The court granted appellant's motion, leaving only the allegations of appellant's failure to pay fines, costs, and fees as directed and her failure to pay probation fees.

The court then found by a preponderance of the evidence that appellant inexcusably failed to comply with the conditions requiring her to pay all fines and costs, and to timely pay her probation fees. It granted the State's petition on those two grounds and revoked appellant's probation. In its June 10, 2013 sentencing order, the court

---

[6]This court notes that the violation report was not entered into evidence.

imposed on appellant a 36 months' suspended imposition of sentence. It is from this order that this timely appeal followed.

In compliance with *Anders* and Rule 4-3(k)(1), counsel ordered the entire record and found that after a conscientious review of the record, there were no issues of arguable merit for appeal. Counsel's brief adequately covered the only action that was adverse to appellant below, namely, the revocation. After carefully examining the record and the brief presented to us, we believe counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals and conclude that the appeal is wholly without merit. Accordingly, we affirm appellant's revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WYNNE and HIXSON, JJ., agree.

*C. Brian Williams*, for appellant.

No response.